IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERIE STREET INVESTORS, LLC, *et al.*,[1] | ) | Case No. 17-10554 (DLT) |
| | ) | |
| Debtors. | ) | (Substantively Consolidated) |

## TRUSTEE'S POST-CONVERSION REPORT AND ACCOUNT

Pursuant to Fed.R.Bankr.P. 1019(5), Frances Gecker, solely as the Chapter 7 trustee (the "Trustee") of the substantively consolidated bankruptcy estates of Erie Street Investors, LLC and its affiliated debtors (collectively, the "Debtors"), hereby submits her Post-Conversion Report and Account.

On April 27, 2017, the Court entered an Order directing the joint administration of the Debtors' bankruptcy cases (the "Cases"). On May 16, 2017, the Court entered an order approving the appointment of Frances Gecker as Chapter 11 trustee for the Debtors. On May 16, 2017, the Court entered an order [Dkt. No. 93] authorizing Ms. Gecker, as Chapter 11 trustee, to employ Reed Heiligman and the firm of FrankGecker LLP (collectively, "FG") as the Chapter 11 trustee's counsel.

On August 31, 2017, the Court entered an order [Dkt. No. 320] approving the appointment of the Non-Insider Equity Holders Committee (the "Non-Insider Equity Holders' Committee"). On September 26, 2017, [Dkt. No. 387], the Court netered an order authorizing the Non-Insider Equity Holders' Committee to employ Nancy A. Peterman and the firm of Greenberg Traurig, LLP (collectively, "GT") as counsel to the Non-Insider Equity Holders' Committee.

---

[1] The Debtors are Erie Street Investors, LLC; LaSalle Investors, LLC; WSC Parking Fund I, LLC; George Street Investors, LLC; and Sheffield Avenue Investors, LLC.

{ERIESTRE/001/00052880.DOCX/}

As of the Petition Date, the Debtors owned certain real property and improvements (collectively, the "Properties"). Pursuant to this Court's order entered on October 24, 2017 [Dkt. No. 419] (the "Sale Order"), the Trustee sold the Properties for $41 million (the "Sale"). On November 10, 2017, the Sale closed (the "Closing") and the Sale proceeds were distributed as set forth in the Trustee's Report of Sale dated November 21, 2017 [Dkt. No. 433].

On January 25, 2018, the Court entered an order substantively consolidating the Cases [Dkt. No. 484], and on February 1, 2018, the Court entered an order converting the Cases to Chapter 7 [Dkt. No. 487] (the "Conversion Order"). The Non-Insider Equity Holders' Committee was disbanded pursuant to the Conversion Order.

### I. Distributions to Secured and Priority Unsecured Claimants.

**A. Distribution to Secured Creditors.** Pursuant to the Sale Order and this Court's order entered on September 5, 2017 [Docket No. 338] approving the Trustee's settlement with the Debtors' secured lenders, Rialto Capital Advisors, LLC, as (a) Special Servicer and Attorney-in-Fact for Deutsche Bank Trust Company Americas, as Trustee for the Registered Holders of UBS-Citigroup Commercial Mortgage Trust 2011-C1, Commercial Mortgage Pass-Through Certificates, Series 2011-C1, and (b) non-member manager RSS UBS2012D1-IL GSSA, LLC (collectively the "Secured Lenders"), the Trustee transferred $34,757,662.97 to the Secured Lenders at Closing.

Chicago Title and Trust Company is holding $46,130.00 in trust for payment to T1, a mechanic's lien holder that has not been located.

**B. Distribution to City of Chicago.** Pursuant to this Court's order approving the Trustee's settlement with the City of Chicago, entered on September 6, 2017

[Docket No. 337], the Trustee made payments totaling $915,613 to the City of Chicago, of which $228,903.00 was paid at Closing, and $686,710.00 was paid subsequently.

      C.      **<u>Distribution to Cook County Tax Authority</u>**. The Trustee transferred to the Cook County Treasurer a total of $521,921.69 for 2016 real estate taxes for all Properties.

      D.      **<u>Distribution to Professional Administrative Claimants</u>**.

The Trustee negotiated a compromise with Debtors' counsel, and pursuant to this Court's order entered on January 9, 2018 [Dkt. No. 467] (the "CSCD Order"), Debtors' counsel, Crane, Simon, Clar & Dan ("CSCD"), was allowed final compensation in the amount of $56,350.75 and reimbursement of expenses in the amount of $20,729.22. The Trustee distributed $77,079.97 to CSCD.

Pursuant to this Court's order entered on November 7, 2017 [Dkt. No. 429], the Trustee distributed $14,000.00 to the accounting firm of Plante Moran in payment for its work in connection with preparing the Debtors' tax returns.

      E.      **<u>Distribution to Non-Professional Administrative Creditors</u>**.

At Closing, the Trustee paid a broker's commission of $825,000 to Jones Lang LaSalle America (Illinois) as the Trustee's leasing and sale agent for the Property.

Over the normal course of business, during the Chapter 11 Trustee's administration, the Trustee distributed to the property managers in full satisfaction of their administrative claims, Boardwalk Capital Holdings Ltd. in the amount of $40,069.25 and to Ascend Property Management LLC in the amount of $118,502.52.

Pursuant to Court Order dated July 13, 2017 [Dkt. No. 169], the Trustee distributed $26,174.26 to the law firm of Fuchs & Roselli, Ltd. for legal fees to the Receiver for the bankruptcy estates of George Street Investors, LLC and Sheffield Avenue Investors, LLC.

F. **Distribution to the United States Trustee.** The Trustee distributed $22,750.00 to the United States Trustee in full satisfaction of its administrative claims.

G. **Distribution to Vendors – Operating Expenses.** The Trustee distributed $729,657.39 for the necessary costs of maintaining and operating the Properties.

H. **Wages.** The WSC Parking Fund I (the "Garage") was the only operating entity with employees. The Trustee distributed $70,738.54 to Garage employees, consisting of a manager and the valet parking attendants.

I. **Union dues.** The Garage employees were members of Teamsters Local Union No. 727 and beneficiaries of its Health and Welfare Fund and the Legal and Educational Assistance Fund (collectively, the "Teamsters"). The Trustee distributed $42,787.65 in payment of Garage obligations to the Teamsters.

J. **Distribution to Unsecured Priority Tax Claimants.** No funds were distributed on account of unsecured priority taxes.

II. **Funds On Hand After [Date?].**

After making the distribution to the administrative and priority claimants described in Section I above, the Trustee has funds on hand totaling $4,786,428.53.

III. **Holmer Settlement.** On January 25, 2018, this Court entered an order [Dkt. No. 482] approving the Trustee's settlement (the "Settlement") with the Secured Lenders and the Debtors' former principal owner and operator, Arthur Holmer, and certain businesses that he owned directly or indirectly (collectively the "Holmer Parties"). The Holmer Parties asserted claims against the estate totaling approximately $4,775,329 and majority equity interests in the Debtors. Pursuant to the Settlement, among other things, the parties to the agreement exchanged mutual releases. The Holmer Parties waived any and all rights to a distribution from the estate.

IV. **Claim Objections.** The deadline for filing proofs of claims and interests is April 12, 2018. The Trustee has not filed any claim objections.

V. **Schedule of Unpaid Post-Petition, Pre-Conversion Debts.** The Trustee is not aware of unpaid post-petition, pre-conversion debts other than the fees of the Trustee, FG and GT. On February 14, 2018, FG filed its First and Final Chapter 11 Fee Application [Dkt. No. 509], seeking allowance of fees and expenses incurred during the Chapter 11 period, totaling $519,712.50 and $18,580.90, respectively; and Ms. Gecker, as Chapter 11 trustee, filed her First and Final Chapter 11 Fee [Dkt. No. 510], seeking allowance of fees and expenses incurred during the Chapter 11 period, totaling $406,685.00 and $247.51, respectively. A hearing on the applications filed by the Chapter 11 trustee and FG is scheduled for March 20, 2018.

GT has not yet filed an application for allowance of fees and expenses incurred during the Chapter 11 period.

Dated: February 20, 2018

Respectfully submitted,

FRANCES GECKER, solely as Chapter 7 Trustee of Erie Street Investors, LLC and its affiliated Debtors

By: /s/ *Frances Gecker*
Frances Gecker, Trustee

Frances Gecker (6198450)
Micah R. Krohn (6217264)
FrankGecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
(312) 276-1400
(312) 269-0035 (fax)