# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERIE STREET INVESTORS, LLC, *et al.*, | ) | No. 17-10554 (DLT) |
| | ) | Jointly Administered |
| Debtors. | ) | Substantively Consolidated |
| | ) | |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date:  December 20, 2018 |
| | ) | Hearing Time:  10:00 a.m. |
| | ) | Courtroom:    613 |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FRANKGECKER, LLP, COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF ERIE STREET INVESTORS, LLC AND ITS AFFILIATED CHAPTER 7 DEBTORS

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, solely as Chapter 7 Trustee of Erie Street Investors LLC, *et al.* |
| Period for Which Compensation is Sought: | February 2, 2018 through October 31, 2018 |
| Amount of Fees Sought: | $89,540.00 |
| Amount of Expense Reimbursement Sought: | $2,283.94 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{ERIESTRE/001/00055145.DOCX/2}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERIE STREET INVESTORS, LLC, *et al.*,[1] | ) | No. 17-10554 (DLT) |
| | ) | Jointly Administered |
| Debtors. | ) | Substantively Consolidated |
| | ) | |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | **Hearing Date:  December 20, 2018** |
| | ) | **Hearing Time:  10:00 a.m.** |
| | ) | **Courtroom:       613** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **December 20, 2018**, at **10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Deborah L. Thorne in Courtroom No. 613 in the Dirksen Federal Building at 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **First and Final Fee Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estates of Erie Street Investors LLC and its Affiliated Chapter 7 Debtors**, a copy of which is attached hereto and hereby served upon you.

Dated: November 29, 2018

Respectfully submitted,

FRANCES GECKER, SOLELY IN HER CAPACITY AS THE CHAPTER 7 TRUSTEE IN THE CHAPTER 7 CASES OF ERIE STREET INVESTORS, LLC AND ITS AFFILIATED CHAPTER 7 DEBTORS

By:   /s/   *Micah R. Krohn*
         One of her attorneys

Frances Gecker (IL Bar No. 6198450)
Micah R. Krohn (IL Bar No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:   (312) 276-1400
Facsimile:   (312) 276-0035

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Erie Street Investors, LLC (7910); LaSalle Investors, LLC (1653); WSC Parking Fund I (5829); George Street Investors, LLC (9924); and Sheffield Avenue Investors, LLC (1057).

{ERIESTRE/001/00055145.DOCX/2}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERIE STREET INVESTORS, LLC,[1] | ) | No. 17-10554 (DLT) |
| | ) | Jointly Administered |
| Debtors. | ) | Substantively Consolidated |
| | ) | |
| | ) | Honorable Deborah L. Thorne |

## FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP, COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF ERIE STREET INVESTORS, LLC AND ITS AFFILIATED CHAPTER 7 DEBTORS

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of Erie Investors, LLC, LaSalle Street Investors, LLC, WSC Parking Fund I, LLC, George Street Investors, LLC, and Sheffield Avenue Investors, LLC (collectively, the "Debtors"), hereby submits this first and final fee application for the bankruptcy case of Erie Street Investors, LLC, Case No. 17-10554 (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 507(a)(1) for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing February 2, 2018 through and including October 31, 2018 (the "Application Period"). In support hereof, FG respectfully represents as follows:

### BACKGROUND

1. On April 3, 2017, Erie Street Investors, LLC, LaSalle Investors, LLC and WSC Parking Fund I filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Erie Street Investors, LLC (7910); LaSalle Investors, LLC (1653); WSC Parking Fund I (5829); George Street Investors, LLC (9924); and Sheffield Avenue Investors, LLC (1057).

Northern District of Illinois (the "Court"). On April 5, 2017, George Street Investors, LLC and Sheffield Avenue Investors, LLC filed voluntary petitions for relief under the Bankruptcy Code in the Court.

2.  On January 25, 2018, this Court entered an order granting the Trustee's motion seeking substantive consolidation of LaSalle Investors, LLC, Case No. 17-10557; WSC Parking Fund I, Case No. 17-10561; George Street Investors, LLC, Case No. 17-10806; Sheffield Avenue Investors, LLC, Case No. 17-10810 under Erie Street Investors, LLC, Case No. 17-10554 [Dkt. No. 484] (hereafter "Erie Street" and "Cases").

3.  On February 1, 2018, this Court entered an Order converting the substantively consolidated cases under Erie Street to Chapter 7 [Dkt. No. 487].

4.  Frances Gecker was appointed Chapter 7 Trustee to the Cases on February 2, 2018 [Dkt. No. 488].

5.  On February 20, 2018, this Court entered an Orders retroactive to February 2, 2018 approving the employment of: FrankGecker LLP ("FG") as Trustee's counsel [Dkt. No. 519]; Field and Goldberg as Trustee's special real estate tax counsel [Dkt. No. 516]; Plante & Moran, PLLC as Accountant [Dkt. No. 517]; and Alan D. Lasko & Associates, P.C. [Dkt N. 519] as her accountant for administration of the Debtors' estate.

6.  On February 4, 2018, the Court served its Notice of Chapter 7 Bankruptcy case – Proof of Claim Deadline, setting April 12, 2018 as the deadline for filing claims, including government claims, against the Debtors [Dkt. No. 494]. On February 8, 2018, this Court entered an order establishing April 12, 2018 as the deadline for filing proofs of equity interest [Dkt. No. 499].

7. On April 12, 2018, the U.S. District Court dismissed two pre-conversion appeals of the order approving a compromise with the Secured Lenders and the order approving the sale of the assets of the Debtors. Civil Action 17-cv-8074 [Dkt. #535] and CV-6976 [Dkt. #536].

8. On October 6, 2018, this Court entered an order on the Trustee's Motion to Authorize Interim Distribution to Creditors [Dkt. No. 601]. Pursuant to the order certain administrative claims and all general unsecured claims were paid in full with interest.

9. This Application sets forth in detail the work performed by FG and the time spent in connection with its representation of the Trustee in the Debtors' cases from February 2, 2018 through and including October 31, 2018. To aid the Court in its review of the Application, FG has divided the Application into three parts. Part I describes the practical and legal issues encountered by FG, and the actions taken and results obtained by FG. Part II describes counsel's qualifications and areas of special expertise. Part III describes the manner in which the fees and costs were calculated.

I. **SERVICES PERFORMED**

    A. **Administration**     **$18,650.00**

Trustee's counsel spent 61.90 hours at a cost of $18,650.00 on case administration activities. This matter includes time expended with respect to general administration of an active Chapter 7 case including communicating with the Trustee about case matters and go-forward strategies. FG coordinated tax matters including the preparation and dissemination of K-1's to equity holders and final tax returns for the estate.

FG researched and completed the steps required by the City of Chicago to transfer operations of the parking garage owned by WSC Parking Fund I. FG completed an fgAffidavit of Final Taxable Period regarding the City of Chicago Parking Tax. FG also compiled data for

preparation of the final City of Chicago Parking Tax return for the period that the Trustee operated the parking garage. FG's completion of the final tax return resulted in a refund of approximately $13,000. FG also prepared the final report and account for the Chapter 11 case.

FG communicated with various creditors about the status of the cases, reviewed leases, claims and vendors for proper notice of proceedings to all parties entitled thereto. This project category also includes time entries that do not fit neatly into any other time category.

**B.** **Claims Review/Claims Objections** $44,820.00

Trustee's counsel spent 113.40 hours at a cost of $44,820.00 on Claims Administration and Objections. FG reviewed claims scheduled by the Debtors' and reviewed claims filed with the bankruptcy court. FG prepared seventeen objections to claims, including six omnibus objections. In addition, FG communicated with equity holders and coordinated the withdrawal of over forty-eight claims incorrectly filed by equity holders.

FG also communicated with various claimants regarding the status of the case and their claims.

**C.** **Court Appearances/Preparation** $3,087.50

Trustee's counsel spent 6.50 hours at a cost of $3,087.50 preparing for and attending hearings in the category Court Appearances/Preparation. The Court hearings included the Trustee's motion to set interest bar date and re-employ professionals, hearings on multiple claim objections, the fee application of Field & Goldberg, hearing on Trustee's motion for authority to make interim distribution and hearing the Trustee's Final Report.

**D.** **Litigation** $9,072.50

Trustee's counsel spent 19.10 hours at a cost of $9,072.50 reviewing and resolving various litigation matters. Time in this category relates to review and objections to subpoenas

served upon the Trustee, responding to and producing documents as appropriate. FG reviewed pending arbitration proceedings that were in violation of the automatic stay and prepared a cease and desist demand. FG also reviewed and negotiated dismissals of appeals and pending litigation in District and State Courts.

### E.  Retention of Professionals/Fee Applications       $12,205.00

Trustee's counsel spent 26.20 hours at a cost of $12,205.00 on Employment and Fee Applications. FG coordinated and made application to the Court for the Trustee's professionals, including counsel, real estate tax attorneys and an accountant for the Debtors' bankruptcy estates. Time in this category relates to the selection of the Trustee's professionals and making application to the Court for authority to employ the professionals. Time spent reviewing time entries and preparing applications for compensation are included in this category.

### F.  Sale of Real Estate       $1,705.00

Trustee's counsel spent 4.40 hours at a cost of $1,705.00 on matters relating to satisfaction of an existing mechanic's lien. Chicago Title was holding a portion of the sale proceeds in escrow intended for satisfaction of the lien. FG researched and arranged for the release of ther lien and payout of the escrow to the lien claimant.

## II.  **ATTORNEYS PROVIDING SERVICES FOR THE ESTATES**

A.  Frances Gecker (FG) is one of the founding partners of FrankGecker LLP. Prior to founding FrankGecker, she was a partner at Jenner & Block and co-managing partner of the insolvency practice at Freeborn & Peters and Neil, Gerber & Eisenberg. She represents and counsels financial institutions, trusts, corporations, creditors' committees and investors in commercial law, restructuring and insolvency issues.

  B. Micah R. Krohn (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz. Mr. Krohn has been involved in the sale of assets and day-to-day representation of the Trustee.

  C. Michael H. Matlock (MHM) is a bankruptcy paralegal at FG. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases. Mr. Matlock assisted with matters relating to asset analysis, sale of assets, claims administration, fee applications and case administration.

### III. CALCULATION OF TIME AND FEES

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in the bankruptcy estates of Erie Street Investors, LLC and its affiliated Chapter 7 Debtors. It covers the period from February 2, 2018 to and including October 31, 2018. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the bankruptcy estate of Erie Street Investors, LLC. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached Exhibit A the attorneys and paralegals at FG have spent a total of 231.50 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $89,540.00 for actual, necessary legal services performed. The average hourly rate is $386.78. In addition, counsel has expended the sum of $2,283.94 for actual, necessary expenses incurred in representing the Trustee.

In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. Counsel worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

Counsel does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. Counsel does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, counsel's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to counsel other than as disclosed or approved by this Court. Counsel certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.   Allowing FrankGecker LLP final compensation for legal services provided in the amount of $89,540.00;

B.   Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $2,283.94;

C.   Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of $91,823.94; and

D.   Granting such other relief as the Court deems just and equitable.

Dated: November 29, 2018

Respectfully Submitted,

FRANCES GECKER, SOLELY IN HER CAPACITY AS THE CHAPTER 7 TRUSTEE IN THE CHAPTER 7 CASES OF ERIE STREET INVESTORS, LLC AND ITS AFFILIATED CHAPTER 7 DEBTORS

By: _____/s/ Micah R. Krohn_____
One of her Attorneys

Frances Gecker (IL Bar No. 6198450)
Micah R. Krohn (IL Bar No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
fgecker@fgllp.com
mkrohn@fgllp.com